# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2012

Lyle W. Cayce
Clerk

No. 11-51174
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PERRIN QUENTON RUSSELL,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-175-1

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In November 2008, Perrin Quenton Russell, federal prisoner # 29536-280, pleaded guilty to possession with intent to deliver at least five grams of crack cocaine within 1,000 feet of a playground, possession of a firearm during the commission of a drug trafficking crime, and aiding and abetting in both offenses. Construing Russell's motion for appointment of counsel in a "crack case" as an 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on a retroactive amendment to the crack cocaine guidelines, the district court granted Russell a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

one-month reduction in his sentence.  In denying Russell's subsequent motion to proceed in forma pauperis (IFP) on appeal, the district court certified that Russell's appeal was frivolous and was not taken in good faith.

Russell now seeks leave to appeal IFP, and he has filed an appeal brief. By moving to proceed IFP, Russell is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).  We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Russell argues that the indictment was invalid, that he was "'RAILROADED'" by the Government, that he was not trafficking in drugs, that the drugs found pursuant to a search warrant were "Fruits of the Poisonous Tree," that the Government did not prove any violation of Texas's weapons or drug statutes, that the pre-sentence report contained inaccurate information, and that his sentence should be reduced to time served.  He seeks the return of seized currency in the amount of $7,637.  Russell's arguments are not cognizable in a § 3582(c)(2) motion. *See Dillon*, 130 S. Ct. at 2691-94.  Accordingly, Russell has failed to show that his appeal involves a nonfrivolous issue. *See Howard*, 707 F.2d at 220.

No. 11-51174

IT IS ORDERED that his motion for IFP is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.